# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DANA A. McCRAY,

    Petitioner,

vs.                                                **Case No.: 8:07-cv-01957-EAK-TBM**

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.

---

## ORDER

**THIS CAUSE** comes before the Court upon Petitioner, Dana A. McCray's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) filed on October 29, 2007. Petitioner challenges his convictions and sentences entered by the Sixth Judicial Circuit, Pinellas County, Florida. After the Court carefully considered the parties' written submissions, the record, and applicable law, the Court finds that the petition must be denied.

### I. FACTUAL BACKGROUND

On June 6, 2001, McCray was charged with one count each of Sale of Cocaine and Possession of Cocaine. (Exh 30: Vol. 1: R 6-7). The case proceeded to jury trial before Circuit Judge Richard A. Luce, where McCray was found guilty as charged and sentenced to fifteen years in prison for sale of cocaine, and five years for possession of cocaine, with sentences running concurrently. (Exh. 30: Vol: R 14-15 and Exh. 30: Vol.

1: R 64-68, respectively). Subsequently, McCray filed a direct appeal, raising two issues unrelated to the instant petition. (Exhibit 1). The Second District Court of Appeal affirmed McCray's convictions and sentences in a per curiam unwritten opinion filed on February 7, 2003. (Exhibit 3). Shortly thereafter, McCray filed a pro se motion for rehearing/clarification/reconsideration and alternative relief, which the appellate court denied on March 12, 2003. (Exhibit 4). The Florida Supreme Court dismissed McCray's petition for review for lack of jurisdiction on April 8, 2003. (Exhibit 8).

In September 2004, McCray filed a pro se motion for postconviction relief, pursuant to Florida Rule of Criminal Procedure 3.850. (Exhibit 9). McCray ultimately withdrew this motion, and filed a second Rule 3.850 motion for postconviction relief on April 1, 2005. (Exhibits 12 and 14, respectively). The state trial court summarily denied McCray's motion – a decision affirmed on appeal by the state appellate court. (Exhibits 15 and 17, respectively). McCray filed a motion for rehearing, which was denied on June 14, 2006, followed by a mandate issued on June 30, 2006. (Exhibits 18, 19, and 20, respectively). Neither of these Rule 3.850 motion raised the issue before the Court in the present petition.

Less than two months later, McCray filed a Rule 3.800 motion to correct illegal sentence. (Exhibit 21). The motion raised three grounds for relief, including the same ground for relief submitted in the instant petition: the sentence in Count II (possession of cocaine) is illegal and barred by the Double Jeopardy Clause where it is subsumed as a necessary element of Count I (sale of cocaine). (*See id.*). The state trial court denied all three grounds for relief in the motion, and the Second District Court of Appeal affirmed that decision in a per curiam opinion issued on February 21, 2007. (Exhibit 22). McCray

filed a motion for rehearing, which the appellate court denied, and a mandate was issued on April 26, 2007. (Exhibits 24, 25, and 26, respectively).

In August 2007, McCray filed a state petition for writ of habeas corpus with the Florida Supreme Court. (Exhibit 27). In that petition, McCray raised the same grounds for relief as he does in the instant petition. (*See id.*) The court dismissed the petition as unauthorized. (Exhibit 28).

McCray filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 29, 2007[1] to challenge his state court convictions and sentences for sale of cocaine and possession of cocaine. (Doc. 1). McCray argues one ground for relief, namely, that possession of cocaine (the offense for which he was sentenced in Count II) is a necessary element of Count I (the sale of cocaine) and, as such, the separate convictions and sentences he received for these charges violates the Double Jeopardy Clause of the Fifth Amendment. (*See id.*). The present petition is untimely.

## II. LEGAL STANDARD

McCray's 28 U.S.C. § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Section (d) of 28 U.S.C. § 2244 requires that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] While McCray's petition is undated, the Court will use the date-stamp of October, 29, 2007 as the filing date for the purposes of calculating relevant deadlines.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An additional ninety days is added to this timeline where a petitioner has taken direct appeal. *See Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002). Once judgment is entered, petitioner has ninety days, plus the one-year AEDPA statute of limitations to file a federal habeas petition. *See id.* (explaining the one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from the state high court's denial of discretionary review); *see also Chavers v. Secretary, Fla. Dept. of Corrections*, Case No. 05-15163 (11th Cir. Oct. 31, 2006) (confirming the one-year statute of limitations begins to run ninety days after the appellate court enters judgment, rather than ninety days after the mandate is issued).

### III. ANALYSIS

**A. McCray's petition is untimely pursuant to 28 U.S.C. § 2244**

McCray's convictions and sentences were reviewed and affirmed by the state appellate court on March 12, 2003, making his judgment "final" for the purposes of 28 U.S.C. § 2244(d).

4

From this date, McCray had one year to file a petition for writ of habeas corpus with this Court. *See Bond*, 309 F.3d at 772. McCray's petition for review filed in the Florida Supreme Court does not delay finality of McCray's judgment because the court was without jurisdiction to consider such a petition. Therefore, McCray's actual deadline to file a petition for habeas corpus with this Court expired on June 10, 2004, one year after his state court appeal was denied.

McCray filed a series of motions for post-conviction relief in state court. However, these motions are irrelevant for the purposes of tolling the federal statute of limitations. As subsection (2) of 28 U.S.C. § 2244 explains, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." However, none of McCray's subsequent state court motions warrant tolling of the federal one-year time limit, because, each of McCray's subsequent state court motions was filed well after the June 10, 2004 deadline; the time period for any application of tolling had already expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that once a federal limitations period has expired, the filing of a state court petition will not toll that period, as there is no time remaining to be tolled.) McCray contends that his ground for relief in the instant petition entitles him to equitable tolling. He contends that such an error should be considered a "fundamental miscarriage of justice," and serves as a separate exception to the one-year limitation for seeking federal review. *See Edwards v. Carpenter*, 529 U.S. 446 (2000) (noting this as an exception to ordinary procedural bars to federal review).

The Court disagrees. McCray has raised no exceptional circumstances that would entitle him to equitable tolling.

## B. McCray's ground for relief is procedurally barred because he did not properly raise it at the state court level

Petitioner has not shown cause and prejudice to overcome the procedural bar and has not shown that a fundamental miscarriage of justice will occur if this Court does not reach the merits of the claim.

## IV. CONCLUSION

It is hereby,

**ORDERED AND ADJUDGED** that Petitioner McCray's Petition for Writ of Habeas Corpus **(Doc. 1)** is **DENIED**. The Clerk is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in Chambers at Tampa, FL this 24th day of July, 2009.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*,

463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forms pauperis.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

cc: counsel of record